UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN MICHAEL DELONG, a single man,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORT ORCHARD, a municipal corporation, MINH TRUONG and JANE DOE TRUONG, husband and wife, TREY HOLDEN and JANE DOE HOLDEN, husband and wife, and JOHN DOE POLICE OFFICER OF THE CITY OF PORT ORCHARD, the identity of whom is presently unknown to plaintiff,<br><br>Defendants. | Case No.  C06-5115 RJB<br><br>ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' Renewed Motion for Summary Judgment (Dkt. 26-1). The Court has considered the pleadings filed in support of the motion and the file herein.

## I. BACKGROUND

This dispute arises out of the incidents leading up to and immediately following the arrest of Plaintiff John Michael Delong for a hit and run accident with a bicyclist. On March 2, 2006, the plaintiff filed a complaint in federal court alleging the following causes of action: (1) Violation of the Fourth Amendment prohibition against unreasonable searches, (2) arrest without probable cause in violation of the Fourth Amendment, (3) negligent hiring, (4) negligent supervision, (5) unlawful imprisonment, and (6) negligent and/or intentional infliction of emotional distress. Dkt. 1.

The defendants moved for summary judgment, and the motion was granted in part and denied

ORDER
Page - 1

in part. Dkt. 25. The Court held that summary judgment was appropriate on Mr. Delong's unlawful search claim but allowed for limited discovery on the question of qualified immunity with regard to Mr. Delong's unlawful seizure claim. *Id.* The deadline for such discovery was October 10, 2006. *Id.* The Court declined to rule on Mr. Delong's claims arising under state law because resolution of these claims was dependent in part upon whether qualified immunity applied to Mr. Delong's unlawful seizure claim. *Id.*

On October 12, the defendants renewed their motion for summary judgment, contending that no discovery has taken place and summary judgment is warranted on all claims. Dkt. 26-1 at 2. No response was filed.

## II. DISCUSSION

**A. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving

party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B. UNLAWFUL SEIZURE**

Local Rule CR 7 provides as follows:

> Obligation of Opponent. Each party opposing the motion shall, within the time prescribed in CR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). **If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.**

Local Rule CR 7(b)(2) (emphasis added). The plaintiff has not opposed the motion, and it appears that there has been no effort to conduct discovery. The Court should therefore grant the motion and dismiss the plaintiff's unlawful seizure claim.

**C. STATE CLAIMS**

The plaintiff's remaining claims for negligent hiring, negligent supervision, unlawful imprisonment, and negligent and/or intentional infliction of emotional distress arise under state law. The defendants have demonstrated that there is no genuine issue of material fact precluding judgment as a matter of law on all of the plaintiff's state claims. The plaintiff fails to rebut this showing. The Court should therefore grant the motion and dismiss Mr. Delong's state claims.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Renewed Motion for Summary Judgment (Dkt. 26-1) is **GRANTED**, and this case is **DISMISSED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 7th day of November, 2006.

Robert J. Bryan
United States District Judge